# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 18-CR-592 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| RONNIE CALTON, ) | |
| ) | |
| Defendant. ) | |

Before the Court is Defendant Ronnie Calton's Motion for Compassionate Release,[1] **Doc #: 24**. For the following reasons, Calton's Motion is **DENIED**.

## I.     Background

Calton is serving a 77-month sentence for his conviction of felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc #: 17. He is currently held at Federal Correctional Institute McKean ("FCI McKean") and has an expected release date of April 21, 2024.

On April 13, 2020, Calton requested that the BOP file a motion for compassionate release on his behalf. *See* Doc #: 21-1. Warden Trate denied this request on April 18, 2020. Doc #: 21-1.

---

[1] Calton originally filed a pro se Motion for Compassionate Release, Doc #: 21. The Court then appointed a Public Defender. Non-document Order dated 5/6/2020. The Public defender filed a supplement, Doc #: 24.

Now Calton asks that this Court grant him compassionate release due to a history of lung problems and his parents' need for his care and assistance. Doc #: 24 at 1.

## II. Discussion

### a. Exhaustion

A court may consider a motion for sentence modification upon:

> [M]otion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A).

Calton made his request to Warden Trate on April 18, 2020. Doc #: 21-1. Because more than 30 days have passed, Calton has satisfied the exhaustion requirement. *See United States v. Hardin*, No. 19-cr-240, Doc. #: 25 at 3-4 (N.D. Ohio May 22, 2020).

### b. Sentence Modification

Under § 3582(c)(1)(A)(i), before granting a sentence modification a court must find: (1) extraordinary and compelling reasons warrant a sentence modification; (2) the defendant is not a danger to the safety of any other person or the community; and (3) the reduction is appropriate considering the § 3553(a) factors. *See id.* at 4.

#### 1. Extraordinary and Compelling Reasons

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1. Calton asserts that two circumstances warrant a finding of extraordinary and compelling reasons – his history of lung problems and his parent's need for care and assistance. Doc #: 24 at 1. These circumstances fall only under the fourth category, a catchall labeled "other reasons."

2

This Court finds COVID-19 concerns constitute "other reasons" rising to the level of extraordinary and compelling reasons when (1) the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak. *See Hardin*, No. 19-cr-240, Doc. #: 24 at 6–7.

Calton meets neither requirement. Calton's history of lung problems consists only of being born with a collapsed lung and pneumonia. Doc ##: 21 at 2; 24 at 2. He fails to assert any current condition which may render him at risk of complications were he to contract COVID-19. And there are no reported COVID-19 cases at FCI McKean. *Covid-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/.

Further, Calton's parent's need for care and assistance does not rise to the level of extraordinary and compelling reasons. Calton's Mother explains that she and her husband are unable to maintain their property due to their age and health. Doc #: 24-1 at 1. The Court is not confident that caring for aging parents ever constitutes extraordinary and compelling reasons. Regardless, the situation here clearly does not. Calton would undoubtably be of assistance to his aging parents were he released. But his parents do not require his assistance. As Calton's Mother explains, they rely on help from others for needs outside of the house and hire someone to do heavy housework. Doc #: 24-1 at 2.

### 2. Danger to the Safety of any Other Person or the Community & Section 3553(a) Factors

Because Calton does not show extraordinary and compelling reasons warrant a sentence modification, the Court does not decide whether he is a danger to the safety of any other person or the community or whether the § 3553(a) factors favor release.

### III. Conclusion

For the foregoing reasons, Calton's Motion**, Doc #: 24**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster June 8, 2020*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**
