IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 5:18-cr-00592 |
| Plaintiff, ) | |
| ) | Judge Dan Aaron Polster |
| v. ) | |
| ) | OPINION AND ORDER |
| RONNIE EDWARD CALTON, ) | |
| ) | |
| Defendant. ) | |

Before the Court is Defendant Ronnie E. Calton's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). ECF Doc. 27. The government opposes Calton's motion. ECF Doc. 30. For the following reasons, the Court **DENIES** Calton's motion for compassionate release.

Background and Procedural History

In October 2018, a grand jury indicted Calton in a one-count indictment for being a felon in in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(l) and 924(a)(2). ECF Doc. 8. The following month, Calton pleaded guilty to the sole Count pursuant to a plea agreement. ECF Docs. 10, 11; non-doc. minutes of proceeding, dated 11/26/2018. In March 2019, the Court sentenced Calton to 77 months of confinement, with credit for time served, three years supervised release, and a $100 special assessment. ECF Docs. 16, 17. Calton is 44 years-old and held at Federal Correctional Institution (FCI) McKean.[1] He has served approximately 63 months of his sentence (ECF Doc. 27, p. 1), and his estimated release date is September 18, 2024. *Id.*

---

[1] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/.

1

Calton originally filed his motion for compassionate release on December 27, 2023.  ECF Doc. 26.  The following day, the Court *sua sponte* denied without prejudice Calton's motion for failure to exhaust the administrative remedies under 18 U.S.C. § 3852(c)(1)(A).  ECF Non-Doc. Order, 12/28/2023.  On February 12, 2024, Calton refiled his motion for compassionate release and included additional evidence that he exhausted his administrative remedies.  ECF Docs. 27, 27-1.  Two days later, the Court directed the Government to file a response and "specifically address the Defendant's argument that he is not receiving adequate care."  ECF Non-Doc. Order, dated 2/14/2024.  On February 27, 2024, the Government submitted its response in opposition (ECF Doc. 30) and three exhibits: Exhibit 1 Bureau of Prisons Health Services Clinic Encounter (ECF Doc. 30-1); Exhibit 2 Calton's Disciplinary Record (ECF Doc. 30-2), and Exhibit 3 Calton's Disciplinary Record (ECF Doc. 30-3).  Exhibits 2 and 3 are identical filings.

Turning to the present motion, Calton asserts that extraordinary and compelling reasons exist to grant him a reduction in sentence.  ECF Doc. 27.  Specifically, Calton argues that: (1) he is not receiving adequate dental care at FCI McKean; and (2) his elderly parents need a full-time caregiver to help them due to their advanced age and serious medical conditions.  *Id.* at PageID# 160.  Additionally, Calton contends that his rehabilitation efforts—including his completed programs and classes, educational training, and work as an orderly, compound worker, and yard detailer—demonstrate that he is not a danger to the public.  *Id.* at PageID## 162, 164-65, 166.  A few places in his motion, Calton references "Exhibit 1" as containing evidence of his rehabilitation efforts.  *Id.* at Page## 162, 165.  But, Exhibit 1 (Doc. 27-1) is the Warden's response letter, and it does not contain any certificates or transcripts.  Calton did not attach any such evidence to the instant motion.  The government opposes Calton's motion and argues that his circumstances do not constitute extraordinary and compelling reasons for relief and his

2

original sentence was sufficient but not greater than necessary, considering Calton's extensive criminal history spanning nearly 27 years. ECF Doc. 30, PageID# 184.

## Standard

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a court may reduce an incarcerated person's sentence in extraordinary and compelling circumstances. *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020). An incarcerated person must satisfy the exhaustion requirements in § 3582(c)(1)(A) prior to filing. *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). Before granting a sentence modification under § 3582(c)(1)(A)(i), this Court must find: (1) extraordinary and compelling reasons warrant a sentence modification; and (2) the reduction is appropriate considering the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Mukunda Dev Mukherjee*, No. 22-1627, 2023 U.S. App. LEXIS 10058, at *3 (6th Cir. Apr. 25, 2023) (citing *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021)). Additionally, the Court considers in its analysis the newly enacted policy statement in U.S.S.G. § 1B1.13. *See United States v. Jarvis*, 999 F.3d 442, 446 (6th Cir. 2021) (noting that a court may look to § 1B1.13 for guidance when determining whether a defendant has established extraordinary and compelling reasons for release). Finally, Calton bears the burden of proof to show he is eligible for a sentence reduction. *United States v. Young*, 2022 U.S. Dist. LEXIS 191942, at *2 (N.D. Ohio Oct. 20, 2022).

## Analysis

As a threshold matter, Calton satisfied the exhaustion requirement in § 3582(c)(1)(A). He applied for early release through the Bureau of Prisons on December 20, 2023, received the Warden's denial on January 8, 2024, and then filed the subject motion approximately one month later. ECF Doc. 27-1.

For the following reasons, the Court denies Calton's motion.  First, Calton failed to prove that his dental health condition constitutes extraordinary and compelling circumstances for relief under § 1B1.13(b)(1)(B) or § 1B1.13(b)(1)(C).  Under §1B1.13(b)(1)(B), a serious medical condition can provide a basis for relief when it "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  Under Section §1B1.13(b)(1)(C), extraordinary and compelling circumstances may exist where the "defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."

There is no dispute that Calton suffers from dental health problems.  *See* ECF Doc. 30, PageID# 181 ("The United States concedes that Calton has dental health problems.").  Even so, there is no evidence that Calton's condition "substantially diminishes" his ability to provide self-care within FCI McKean or that he is *not* expected to recover from this condition, as § 1B1.13(b)(1)(B) requires.  The Warden's denial letter, dated January 8, 2024, corroborates this finding, as it notes that Calton is "currently able to independently adapt to activities of daily living and can perform self-maintenance activities in a correctional environment."  ECF Doc. Moving to §1B1.13(b)(1)(C), it is reasonable to believe that Calton's poor dental condition and periodontal disease (ECF Doc. 30-1, PageID# 283) require long-term or specialized dental and perhaps medical care.  Calton's motion and the 150 pages of Bureau of Prisons Health Services Clinical Encounter (ECF Doc. 30-1) detail the very real challenges of navigating life with only "seven teeth left in the front."  ECF Doc. 30-1, PageID# 191.  As recent as December 2023, Calton reported difficulty chewing food, difficulty swallowing, and food getting stuck in his throat.  *Id.*

At the same time, there is no evidence before the Court that the Bureau of Prisons is unable or unwilling to treat his condition. Calton's extensive medical records (ECF Doc. 30-1) support the Government's assertion that "the BOP is well aware of his problems, has a plan to address them, and has been giving him regular treatment." ECF Doc. 30, PageID# 181. A recent timeline of Calton's dental treatment includes:

- <u>04/12/2023</u>: Calton seen for a dental exam with a dentist. Calton has 18 missing teeth and 10 that are "decayed." Calton's health records reflect the dentist's plan to extract approximately 13 "erupted" teeth and to move Calton to "full denture[s]." ECF Doc. 30-1, Page ID# 282-88.

- <u>11/01/2023; 11/08/2023, 11/27/2023</u>: Calton meets with dentist for tooth extraction. Calton has five teeth extracted in total during these visits. *Id.* at Page ID# 274-80.

- <u>01/02/2024</u>: Calton seen for planned tooth extraction, but procedure rescheduled because "Pt states he feel well but, 'a little off' because he's weaning off of suboxone." Instead of an extraction, the dentist ordered a radiograph of his remaining teeth. *Id.* at 267-71.

In the past year, Calton has missed the following dental appointments:

1. 03/31/2023: no show.

2. 04/03/2023: unavailable due to institutional lock down.

3. 09/29/2023: no show because he was in special housing unit, as disciplinary measure (ECF Doc. 30-2, PageID# 337).

4. 02/07/2024: no show. ECF Doc. 30-1, PageID# 261-66.

The above treatment timeline demonstrates that FCI McKean is providing Calton with competent and responsive dental care for his conditions. Simply put, there is no evidence to support Calton's assertions that he is not receiving adequate treatment, that FCI McKean is

5

unable to meet Calton's needs due to "staff shortage," or that Calton's dental health problems would be better addressed outside of FCI McKean.

Moving to Calton's second argument—that his elderly parents need a full-time caregiving to help them due to their advanced age and serious medical conditions—this basis for relief also falls short.  First, Calton never presented it to the Warden for consideration.  ECF Doc. 27-1.  Therefore, Calton failed to exhaust his administrative remedies regarding his second basis.  Second, even if Calton exhausted his administrative remedies, this basis would still fail because there is no evidence before the Court of his parents' living circumstances, medical conditions, level of incapacitation, or that Calton would be the only available caregiver, as §1B1.13(b)(3)(C) requires.  Accordingly, Calton's second basis for relief fails.

Finally, considering Calton's extensive criminal history background, drug-related convictions, elevated risk of recidivism, the short period between leaving prison and his arrest for the instant offense, and his disciplinary record while incarcerated (ECF Doc. 30-2), a sentence of 77 months is sufficient, but not longer than necessary.  The Court noted at sentencing:

> I, obviously, am very troubled that barely two months after you got out of prison for a drug trafficking -- or possession of drug offense, you were found with a gun. You were found -- a gun with an obliterated serial number, with marijuana and methamphetamine, with scales, and with $2,000 in cash.  And I have to give you a long prison sentence.  I find that the low end, 77 months, is sufficient, but not longer than necessary.

ECF Doc. 20, PageID# 111.  Accordingly, Calton's motion is denied.

<u>Conclusion</u>

The Court finds that Calton failed to identify extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A) to warrant compassionate release or a reduction in sentence. Accordingly, the Court <u>DENIES</u> Calton's motion for compassionate release.

Date: March 13, 2024

<u>/s/ Dan Aaron Polster</u>
Dan Aaron Polster
United States District Judge